# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY BAEZ, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. SA-16-CV-795-XR |
| BAKYTBEK UULU NURSULTAN, | § § § | |
| *Defendant*. | § § | |

## ORDER

On this day the Court considered Plaintiff's Motion to Extend Deadline to File Amended Pleading Adding New Party and for Leave to File First Amended Complaint (Docket no. 30). After careful consideration, the Court DENIES the motion.

## BACKGROUND

Plaintiff Johnny Baez brought this action on August 8, 2016, against Defendant Bakytbek Uulu Nursultan, a resident and citizen of Florida, following a vehicular accident that took place in Texas.

On October 21, 2015, Plaintiff was allegedly driving northbound in the 300 block of State Highway 46. Docket no. 1 at 2. Plaintiff alleges that Defendant followed behind, and when Plaintiff stopped his vehicle at a red light, Defendant failed to exercise reasonable care and struck Plaintiff's vehicle from the rear. *Id.* Defendant allegedly fell asleep while driving. *Id.* Plaintiff alleges he suffered severe and debilitating injuries. *Id.* Plaintiff brings a claim for negligence and seeks damages for personal injury, pain, suffering, mental anguish, disability,

impairment and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. *Id.* at 3–4.

On January 13, 2017, Defendant served its Initial Disclosures to Plaintiff, which included a copy of the insurance declarations showing Yourway Express, LLC as the named insured. Docket no. 31 at 3. On February 22, 2017, the parties attended a Status Conference, Docket no. 19, during which the Court asked Plaintiff about his awareness that Defendant's company was not sued. Docket no. 31 at 3. Defendant alleges that Plaintiff failed to raise an issue as to possible additional parties. *Id.*

On March 6, 2017, Defendant provided Plaintiff a complete copy of the insurance policy providing coverage for this loss, which also listed Yourway Express, LLC as the named insured. *Id.* On April 25, 2017, Plaintiff sent a notice of deposition to Defendant scheduled for May 30, 2017. *Id.* On May 8, 2017, in response to Plaintiff's Request for Production, a complete copy of the vehicle title naming Yourway Express, LLC as owner of the vehicle involved in the collision was produced. *Id.* On May 24, 2017, Plaintiff contacted Defendant and canceled the May 30 deposition of his own volition. *Id.* at 4. Defendant allegedly arranged to travel to Texas for the deposition at great expense and labor and had procured a qualified translator for the deposition. *Id.*

On July 27, 2017, Plaintiff sent an amended Notice of Deposition for Defendant scheduled for August 7, 2017. Docket no. 31 at 4. Plaintiff states that Defendant did not appear for the deposition. Docket no. 30 at 2. Plaintiff states the parties have conducted discovery and settlement discussions are ongoing. *Id.* at 1.

Plaintiff alleges he did not know the employment status of Defendant when he filed the Original Complaint. *Id.* Plaintiff claims that through discovery, information came to Plaintiff's attention that indicated Defendant may work for Yourway Express, LLC. *Id.* at 1–2. Plaintiff alleges he made "several attempts" to schedule Defendant's deposition, intending to discover facts about the accident and learn about Defendant's relationship with Yourway Express. *Id.*

Plaintiff states the statute of limitations runs on October 21, 2017, and given that he has been unable to determine the relationship between Defendant and Yourway Express, Plaintiff now has determined he should sue Yourway Express and add it as a party in this case.

## ANALYSIS

### I. Legal Standard

Plaintiff's motion pending before the Court is for leave to file an amended pleading. Federal Rule of Civil Procedure 16(b) controls amendment of pleadings once a scheduling order has been issued. A scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). When the Court analyzes good cause under Rule 16, it should consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Whether the movant has good cause under Rule 16 is within the discretion of the trial court. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003).

3

If the Court determines that good cause exists, the more liberal amendment standard of Rule 15 then applies. Rule 15 provides that leave to amend pleadings "shall be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), but the decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). In exercising its discretion, the trial court considers such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. Application

On January 9, 2017, the parties filed their Joint Status Report following a Rule 26(f) Conference, and the parties indicated there were no unserved parties. Docket no. 15. The Court entered a Scheduling Order on January 11, 2017, which included a deadline of April 13, 2017, for Plaintiff to file a motion seeking leave to amend pleadings or join parties. Docket no. 16. The Order also set a trial date of December 11, 2017. *Id.* On July 18, 2017, the parties filed a joint motion to extend several Scheduling Order deadlines, but not for seeking leave to add an additional party. Docket no. 23. For the following reasons, the Court finds that Plaintiff has not shown good cause to extend the deadline to file an amended pleading and add a party.

### A. Explanation for the Failure to Timely Move to Amend

Plaintiff states that he did not previously name Yourway Express as a defendant because, although the company's name was listed on a produced insurance policy document,

4

"there was nothing to alert Plaintiff" as to Yourway Express's potential liability. Docket no. 30 at 3. Defendant argues that Plaintiff was sufficiently put on notice about Yourway Express's liability prior to the April 13 deadline to join additional parties and amend pleadings. Docket no. 31 at 5.

As Defendant states, Plaintiff was put on notice at least three different times as to Yourway Express's potential liability. The Court asked Plaintiff about not suing Defendant's company at a February 2017 Status Conference, and Defendant produced an insurance policy and title documents in January and February 2017 that named Yourway Express as the owner of the vehicle involved in the accident. Plaintiff fares no better arguing he was unable to learn of Yourway Express's potential liability from the August 2017 deposition at which Defendant did not appear. Plaintiff initially scheduled—and canceled—a previously scheduled deposition in May 2017 that, even if it had taken place, would have given Plaintiff information *after* the April 13 deadline. Plaintiff's explanation for his delay does not support a finding of good cause to amend the Scheduling Order.

**B. Importance of the Amendment**

Plaintiff states that after he takes Defendant's deposition or adds Yourway Express as a party, discovery will reveal Yourway Express was Defendant's employer at the time of the accident. Docket no. 30 at 3. Plaintiff believes Yourway Express will be vicariously liable for Plaintiff's injuries. *Id.*

If Yourway Express can be held vicariously liable for Defendant's alleged negligence, judicial economy might favor a single action against both Defendant and Yourway Express, rather than separate actions. Plaintiff, however, also intends to bring additional negligence

claims against Yourway Express, as stated in Plaintiff's proposed First Amended Complaint. Docket no. 30-2 at 5. These additional claims expand the scope of Yourway Express's potential liability beyond mere vicarious liability to where judicial economy might not favor joining Yourway Express as a party. Plaintiff's justification to join Yourway Express as a party does not support a finding of good cause to amend the Scheduling Order.

### C. Potential Prejudice in Allowing the Amendment

Plaintiff argues adding Yourway Express as a co-defendant will not prejudice Defendant, and that a separate action will place a greater burden on Defendant and the Court due to duplication of discovery and unnecessary expenditure of judicial resources. Docket no. 30 at 3–4. Defendant argues he will suffer prejudice due to additional discovery, the burden of preparing for trial in a compressed time frame, and the inclusion of new causes of action. Docket no. 31 at 7. Although a single cause of action might prevent minor duplication of discovery, Defendant could experience substantial prejudice because Plaintiff intends to assert additional negligence claims against Yourway Express. Defendant will need to potentially prepare for these new claims and could experience a substantial trial delay. Defendant's potential prejudice does not support a finding of good cause to amend the Scheduling Order.

### D. Availability of a Continuance to Cure Such Prejudice

Plaintiff further states that any potential prejudice resulting from adding a co-defendant can be cured by granting a short continuance of the Court's current scheduling deadlines and, if necessary, a short delay of the trial. Docket no. 30 at 4. Defendant argues a continuance will fail to cure any prejudice because the accident took place nearly two years ago, and Defendant seeks a resolution to this matter. Docket no. 31 at 7. The Court finds that because allowing

Plaintiff to join Yourway Express would add new causes of action and require additional preparation, a short continuance is unlikely to cure any prejudice Defendant might experience. The trial delay would likely not be a short delay, and Defendant would experience prejudice after Plaintiff missed his deadline despite being put on notice about Yourway Express on several occasions. Defendant would not necessarily need to be equally involved in a potential separate action against Yourway Express, given the additional negligence claims alleged against Yourway Express. The availability of a continuance and possible delay of the trial as a cure to potential prejudice do not support a finding of good cause to amend the Scheduling Order.

In sum, because Plaintiff delayed seeking to amend his complaint and join a new party despite being put on notice of Yourway Express's potential liability, and Defendant could experience prejudice that will likely not be cured by a continuance, Plaintiff fails to demonstrate good cause for the Court to amend the Scheduling Order.

## CONCLUSION

For all of the above reasons, the Court DENIES Plaintiff's Motion to Extend Deadline to File Amended Pleading Adding New Party and for Leave to File First Amended Complaint (Docket no. 30).

It is so ORDERED.

SIGNED this 26th day of September, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE